**HOLLAND AMERICAN MERCHANTS CORPORATION, Plaintiff,**

v.

**William P. ROGERS, Attorney General, as successor to the Alien Property Custodian, Defendant.**

United States District Court
S. D. New York.
April 16, 1959.

2. 85 U.S.App.D.C. 194, 176 F.2d 476.

Sullivan & Cromwell, New York City, for plaintiff George C. Sharp, Howard

T. Milman, Mitchell Brock, New York City, of counsel.

Dallas S. Townsend, Asst. Atty. Gen., Director, Office of Alien Property, Sidney Ullman, Washington, D. C., of counsel, Arthur H. Christy, U. S. Atty., New York City, for defendant.

SUGARMAN, District Judge.

Defendant William P. Rogers, Attorney General, as successor to the Alien Property Custodian, moves for an order

> "requiring the plaintiff to consent forthwith in writing to the production of Kalle & Co. A.G., Wiesbaden-Biebrich, Germany, of all books, papers, records, correspondence and documents in its possession relating or pertaining to a transaction in the year 1939 by which Kalle & Co. transferred or purported to transfer to N. V. Hollandsche Koopmansbank, 548 shares of Ozalid Corporation stock, and to the inspection, copying or photographing of said books, papers, records, correspondence and documents by a duly authorized representative of the defendant in Germany, on condition that defendant furnish to plaintiff, at the latter's expense, photostatic copies of all books, papers, records, correspondence and documents, copied or photographed by his representative * * *"

Koopmansbank is plaintiff's assignor.

 The motion is opposed on the grounds that

> "(1) [Fed.Rules Civ.Proc.] Rule 34 [28 U.S.C.A.] does not authorize the issuance of an order requiring a party to give its consent to action by a third party not under its control;
>
> "(2) Even if the motion were understood as an imperfect request for an order to produce and permit inspection as authorized by Rule 34, this court should not grant the order because (a) the documents requested

are not within the custody, possession or control of plaintiff, (b) defendant has not shown good cause, and (c) under the circumstances, the documents requested have not been sufficiently designated; and

"(3) If, notwithstanding the foregoing, plaintiff is required to consent, the order should be conditioned on defendant's payment of the expenses caused plaintiff by the order, including fees and travelling expenses of counsel."

The first two grounds of opposition are devoid of merit. Movant contends that if plaintiff consents to the third party's production of the documents sought, the third party will produce them. This is not categorically denied by the plaintiff. Accordingly, it appears that the documents sought are in the control of the plaintiff [1] and they have been adequately designated and appear to be relevant.

The third ground remains, viz., whether defendant as a condition of granting this order should pay plaintiff's expenses in attending at the inspection and copying of the documents. This novel suggestion is rejected. As of this time and on the papers before me plaintiff "controls" the documents because Kalle & Co. A.G. will produce them in Germany if plaintiff approves. The presence of a representative of plaintiff in Germany when the discovery is made could accomplish nothing. Should the third party change its position before the actual discovery of the documents to defendant, the presence of a representative of plaintiff in Germany would be equally ineffective. There is no cogency in compelling the government to pay for a fruitless junket by plaintiff's counsel.

However, defendant having consented thereto, he will supply plaintiff's counsel with a photostatic copy of each document copied by defendant provided plaintiff first agrees to bear the cost thereof.

I. 4 Moore's Fed.Prac. (2d ed.) para. 34.17.

The motion is granted. Settle an order.

This decision is not to be construed as any ruling on the admissibility of what, if anything, Kalle & Co. A.G. shall discover to defendant nor is it a ruling on what consequences shall flow from a refusal, if any, by Kalle & Co. A.G. to make the discovery it has heretofore offered to make upon plaintiff's consent thereto.